Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

E-FILING

ADR

ORIGINAL FILED
2010 DEC -8 P 3:08

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br>Plaintiff<br><br>vs.<br><br>Solgar, Inc.<br>Defendant | Case No. CV 10-05571 EDL<br><br>**Complaint**<br><br>**Demand For Jury Trial** |

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

*Qui tam* relator San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant Solgar, Inc. ("Solgar") and alleges as follows:

## Nature of Action

1. This is a *qui tam* action to impose civil fines for false marking. As alleged further below, Solgar has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense." Solgar has falsely marked products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Solgar falsely marked articles with intent to deceive the public.

## Parties

2. Plaintiff San Francisco Technology is a Delaware corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Solgar is a Delaware corporation with its principal place of business at 500 Willow Tree Road, Leonia, NJ 07605.

## Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. Upon information and belief, this court has personal jurisdiction over Solgar because Solgar has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Upon information and belief, such sales are substantial, continuous, and systematic. Solgar advertises its products, including its falsely marked products on its web site, at www.solgar.com. Solgar advertises on that web site that its products are sold at many retail store chains which have locations in California and in this District, including Vitamin Shopppe and Whole Foods.[1] Upon

[1] http://www.solgar.com/StoreLocator.htm?zip=95110&distance=25

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

information and belief, Solgar has designated an agent for service of process in California: Corporation Service Company which will do business in California as CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

**Intradistrict Assignment**

7. This case is appropriate for District-wide assignment under Civil Local Rule 3-2(c) because the claims in this Complaint arise under 35 U.S.C. § 292, which is codified with the patent statutes.

**Solgar's False Marking**

8. SF Tech incorporates by reference all above allegations.

9. Upon information and belief, Solgar makes and sells many types of products, including Chromium Picolinate Vegetable Capsules, Chromium Picolinate Vegetable Capsules, Yeast Free Chromium Tablets, and Chromium Polynicotinate Vegetable Capsules (the "Solgar products").

10. Solgar causes or contributes to the marking and advertising of products with the U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615 including, but not limited to, the Solgar products.

11. U.S. Patent Nos. 5,087,623 and 5,087,624, both entitled "Chromic picolinate treatment", issued on February 11, 1992. U.S. Patent No. 5,175,156, also entitled "Chromic picolinate treatment", issued on December 29, 1992. U.S. Patent No. Re 33,988, entitled "Dietary supplementation with essential metal picolinates", issued on July 7, 1992. U.S. Patent No. 4,923,855, entitled "Synthetic GTF chromium material and process therefor", issued on May 8, 1990. U.S. Patent No. 4,954,492, entitled "Synthetic GTF chromium material for decreasing blood lipid levels and process therefor", issued on September 4, 1990. U.S. Patent No. 5,194,615, entitled "Synthetic GTF chromium nicotinate material and its preparation", issued on March 16, 1993.

12. Solgar individually marks the packaging of its Chromium Picolinate Vegetable Capsules and Chromium Picolinate Vegetable Capsules with: "US Patent Nos. 5,087,623, 5,087,624 and 5,175,156."

13. Solgar individually marks the packaging of its Yeast Free Chromium Tablets with: "Licensed under U.S. Patent Re. No. 33,988."

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

14. Solgar individually marks the packaging of its Chromium Polynicotinate Vegetable Capsules with: "U.S. Patent No.'s 4,923,855, 4,954,492 and 5,194,615."

15. On its website, Solgar advertises the Solgar products, including Supplement Facts for each product. The web pages dedicated to the Supplement Facts of Chromium Picolinate Vegetable Capsules and Chromium Picolinate Vegetable Capsules bear the language: "U.S. Patent Nos. 5,087,623, 5,087,624 and 5,175,156."[2] The web page dedicated to the Supplement Facts of Yeast Free Chromium Tablets bears the language: "Licensed under U.S. Patent Re. No. 33,988."[3] The web page dedicated to the Supplement Facts of Chromium Polynicotinate Vegetable Capsules bears the language: "U.S. Patent Nos. 5,087,623, 5,087,624 and 5,175,156."[4]

16. U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615 are expired patents. Upon information and belief, U.S. Patent Nos. 5,087,623 and 5,087,624 both expired no later than February 12, 2009. Upon information and belief, U.S. Patent No. 5,175,156 expired no later than December 30, 2009. Upon information and belief, U.S. Patent No. Re 33,988 expired no later than August 9, 2000. Upon information and belief, U.S. Patent Nos. 4,923,855, 4,954,492 and 5,194,615 expired no later than May 9, 2007, September 5, 2007, and March 17, 2010, respectively.

17. Solgar's falsely marked products are being sold in 2010 with such false markings, after the expiration of U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615.

18. Solgar is a sophisticated company and has many years of experience applying for, obtaining, and maintaining patent rights. Solgar also has extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

19. Solgar (including Solgar's patent counsel) knew or should have known that the term of U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615 expired no later than their expiration dates.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[2] http://www.solgar.com/pub/supplement/0871_T1_W625_H475.jpeg; http://www.solgar.com/pub/supplement/0866_T1_W625_H475.jpeg
[3] http://www.solgar.com/pub/supplement/1365_T1_W625_H475.jpeg
[4] http://www.solgar.com/pub/supplement/0875_T1_W625_H475.jpeg

20. Solgar is no longer paying maintenance fees to the United States Patent and Trademark Office to maintain U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615.

21. Solgar knew or should have known that U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615 had already expired at the same time Solgar was marking and advertising products with U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615.

22. Solgar knows, or reasonably should know, that U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615 do not protect the Solgar products, or any products whatsoever.

23. Solgar could have no reasonable belief that it was proper to mark and advertise products with the numbers of the expired U.S. Patent Nos. 5,087,623, 5,087,624, 5,175,156, Re 33,988, 4,923,855, 4,954,492 and 5,194,615, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

24. For at least the reasons set forth herein, Solgar has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share in the marketplace.

25. For at least the reasons set forth herein, Solgar has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its Solgar products to be inflated above normal market levels, and has caused the public to face inflated prices for its products.

26. The public deception, and/or competitive harm caused by each of Solgar's false markings has and continues to harm the United States and the public, including relator SF Tech, a representative of the public incurring the cost and time associated with this enforcement.

**Demand For Judgment**

SF Tech demands judgment against Solgar, as follows:

1. A declaration that Solgar violated 35 U.S.C. § 292.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

2. An accounting of the number, sales, and revenue of any falsely marked articles not presented at trial.

3. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

4. Costs, including attorney fees.

5. A finding that this is an exceptional case.

6. Any other relief the court deems appropriate.

**Demand For Jury Trial**

SF Tech demands a jury trial on all issues so triable.

Date: November 30, 2010

Mount & Stoelker, P.C.,
/s/ Dan Fingerman
Counsel for San Francisco Technology Inc.

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000