IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., | No. C 10-5571-EDL |
| Plaintiff, | **ORDER CERTIFYING NOTICE OF CONSTITUTIONAL CHALLENGE TO UNITED STATES ATTORNEY GENERAL AND UNITED ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA** |
| v. | |
| SOLGAR, INC., | |
| Defendant. | |

This matter comes before the Court on defendant's Motion to Dismiss And Alternative Motion to Stay pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt.# 27. Defendant's motion argues that plaintiff fails to state a claim for false patent marking under 35 U.S.C. § 292 on grounds that it has failed to adequately allege any intent to deceive, and that section 292(b) is unconstitutional under the Take Care Clause of Article II, § 3 of the United States Constitution because it fails to provide the Executive Branch with sufficient control over a relator's lawsuit. On April 25, 2011, Defendant filed a "Notice of Constitutional Challenge" identifying its challenge to 35 U.S.C. § 292, which it served on the United States Attorney General and the United States Attorney for the Northern District of California in compliance with Federal Rule of Civil Procedure 5.1 and Local Civil Rule 3-8. On May 19, 2011, the United States Attorney for the Northern District of California informed the Court that she anticipates receiving authorization from the Attorney General to intervene in this action, but has not received authorization yet.

Pursuant to Federal Rule of Civil Procedure 5.1(b), "The court must, under 28 U.S.C. § 2403, certify to the Attorney General of the United States that there is a constitutional challenge to a

federal statute, or certify to the state attorney general that there is a constitutional challenge to a state statute." The "attorney general may intervene within 60 days after the notice os filed or after the court certifies the challenge, whichever is earlier." Fed.R.Civ.P. 5.1(c). In light of this requirement:

(1) The Court STAYS all proceedings in this matter pending a decision by the Attorney General regarding whether he will intervene.

(2) The Court CERTIFIES the constitutional question raised in defendant's motion to dismiss. Pursuant to Fed.R.Civ.P. 5.1(b) and 28 U.S.C. § 2403, the Attorney General is permitted to intervene in this case, if he so chooses, with respect to the following question: Is the false patent marking statute, 35 U.S.C. § 292(b), unconstitutional under the Take Care Clause of Article II, § 3 of the United States Constitution?

(3) If the Attorney General chooses to intervene, he must do so *no later than sixty (60) days from the date of the notification that was filed and served on April 25, 2011* (i.e., June 24, 2011) pursuant to Fed.R.Civ.P. 5.1(c). If he chooses to intervene, the Court will allow further briefing by the Attorney General on the constitutionality of the false patent marking statute. If he chooses not to intervene, the Court will rule on defendant's motion to dismiss or stay based on the briefing currently before the Court.

(4) The Clerk is directed to provide a copy of this Order to all counsel of record and to the United States Attorney General and the United States Attorney for the Northern District of California.

**IT IS SO ORDERED.**

Dated: May 19, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge